UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:21-cv-01899-CEM-GJK

BETHANY GAUDREAU,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

MY PILLOW, INC.,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT**

Plaintiffs Bethany Gaudreau and Joseph Ram respond in opposition to Defendant My Pillow, Inc.'s Motion to Strike First Amended Complaint (the "Motion"), [DE 22], and state:

### I.    INTRODUCTION

Plaintiffs in this case assert a similar claim against Defendant under Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), and the ***same claim*** under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. Each Plaintiff alleges that Defendant violated the TCPA by sending them unwanted text message solicitations, and that Defendant violated the FTSA by sending them telephonic sales text without consent. Under the plain language of Rule 20, joinder is proper because Plaintiffs "assert ***any*** right to relief jointly, severally, or in the

1

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) *any* question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a) (emphasis supplied).

Defendant ignores that Plaintiffs assert the same FTSA claim and joinder is therefore proper on that basis alone. Defendant advances an incorrect standard and attempts to highlight the differences in Plaintiffs' TCPA claims while ignoring that the claims arise from the same series of occurrences: Defendant's transmission of unsolicited robotexts to consumers using the same automated text messaging platform.

The purpose of Rule 20 is to promote trial convenience, expedite the resolution of disputes, and eliminate unnecessary lawsuits. The efficiencies and cost-savings to be realized through joinder are obvious. The common discovery contemplated by Plaintiffs will enable the parties to address common discovery disputes utilizing a single conferral process. Then, if the parties are unable to resolve their disputes, a single judge will be able to render a single decision that applies equally to each Plaintiff. Defendant's strategy of seeking to strike a claim that it would have likely attempted to transfer and consolidate had it been filed separately is puzzling.

Courts in this District regularly and effectively handle more complex and large multi-plaintiff actions involving the TCPA and other federal statutes. *See*, *e.g.*, *Blount, et al., v. Credit Protection Ass'n., LP*, No. 8:15-cv-01309) (Scriven, J.) (12 plaintiffs alleging FDCPA, FCCPA, and TCPA claims); *Russo, et al., v. Credit Protection Ass'n, LP*, No. 8:15-cv-02636 (Covington, J.) (11 plaintiffs alleging FDCPA, FCCPA, and TCPA claims). This is largely because – regardless of any factual variations – these

2

types of claims always involve the same small universe of documents: (1) text message transmission logs; (2) consent documents (if any); (3) documents related to the text messaging computer software platform; and (4) company policies and procedures, and training manuals. The efficiencies to be gained also translate to depositions, including taking a single Rule 30(b)(6) deposition, and deposing non-parties once. As in *Blount* and *Russo*, each Plaintiff in this case alleges that the defendant engaged in common robocalling practices that violated the TCPA and FTSA. Plaintiffs submit that this Court is as capable of overseeing such straightforward claims and there is no need to strike the First Amended Complaint and burden the docket of another judge.

## II.     LEGAL STANDARD

The Supreme Court has established that "[u]nder the [Federal] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Consistent with this well-settled principle, the Eleventh Circuit has stated: "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (reversed on other grounds).

"A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Id*. The rule "does not require that ***all*** questions of

law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties." *Id.* at 1324 (emphasis original) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974)). "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Alexander,* 207 F.3d at 1323 (quoting *Mosley,* 497 F.2d at 1333). "Absolute identity of all events is unnecessary." *See Mosley*, 497 F.2d at 1332.

Joinder is particularly appropriate at the pre-trial stage of litigation where "the alleged acts occurred are quite similar for each [p]laintiff with the majority of each [p]laintiff's allegations occurring [during a limited time period]." *See Nelson v. Chertoff*, 2008 WL 4211577, *6 (N.D. Ill. Sep. 10, 2008); *see also Hoffman v. Jacobi*, 2014 WL 5456671, *5 (S.D. Ind. Oct. 24, 2014) (denying defendant's motion to sever as premature, where plaintiffs' complaint described common patterns of misconduct, even though the misconduct occurred at different times and under different circumstances).

The Eleventh Circuit has held that allegations of a company-wide policy that violates federal law were sufficient to establish that multiple plaintiffs' claims "arose out of the same series of transactions or occurrences." *See Alexander*, 207 F.3d at 1323 (citing *Mosley*, 497 F.2d at 1334). In the TCPA context, calls received by multiple plaintiffs from the same defendant using the same autodialer support joinder under

4

Rule 20. *See, e.g., Blair v. CBE Group, Inc.*, 2013 WL 5677026, *6 (S.D. Cal. Oct. 17, 2013); *Desai v. ADT Sec. Servs., Inc.*, 2011 WL 2837435, *3 (N.D. Ill. July 18, 2011).

### III.   ARGUMENT

First, as noted above, Plaintiffs allege the same FTSA claim. Joinder was proper under Rule 20 for this reason alone. As for Plaintiffs' TCPA claims, Defendant is correct that the claims involve the receipt of text messages during different times and that the claims are not identical. This, however, is not the standard for determining whether Plaintiffs' claims have been properly joined. *See Alexander*, 207 F.3d, at 1324 (Rule 20 "does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties.") (emphasis supplied).

The determination of whether a situation constitutes the same transaction or occurrence for purposes of Rule 20 is determined on a case-by-case basis. *Mosley*, 497 F.2d 1330 at 1333. The Supreme Court has held that the "word 'transaction' has flexible meaning and 'may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *DeShiro v. Branch*, No. 96-cv-800, 1996 U.S. Dist. LEXIS 16933 (M.D. Fla. Nov. 13, 1996) (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).

In *Kozak v. Medicredit, Inc.*, the five plaintiffs claimed that they had been "injured as a result of Defendant's debt collection practices, such as utilizing an automatic telephone dialing system, placing calls to a cellular telephone, and continuing to place

debt collection calls for medical debts after being asked to stop." 318 F.R.D. 684, 686 (M.D. Fla. 2016). In denying the defendant's motion to sever the claims, Judge Covington held:

> given the broad standard for joinder, the Court preliminarily finds that Plaintiffs' claims are logically related events and are regarded as arising from the same transaction or occurrence. Plaintiffs persuasively argue that their "common factual allegations, taken in their totality, support a companywide pattern and practice of conduct by Medicredit, which Plaintiffs allege violates the FDCPA, the FCCPA, and the TCPA." (Doc. # 21 at 11). The Court finds that there are potential common questions of law and fact involved in the Plaintiffs' claims that arise from the same alleged debt collection activity.
>
> Furthermore, the Court finds that the interests of judicial economy will be served by simultaneously hearing all of the Plaintiffs' claims, which are against one common defendant. Denying the Plaintiffs an opportunity to proceed collectively at this time would only result in added time and delay, the filing of multiple lawsuits, and duplicative discovery.

*Id*. at 686-87.

Judge Covington's reasoning and holding in *Kozak* apply here. First, as Defendant is forced to concede in its Motion, the First Amended Complaint contains various allegations of fact that are common to all Plaintiffs and essential to each individual Plaintiff's claims. These common factual allegations, taken in their totality, support a company-wide pattern and practice of conduct by Defendant, which Plaintiffs allege violates the TCPA and FTSA. Second, there are potential common questions of law and fact that arise from the same alleged text messaging solicitation

6

activity, including (1) whether Defendant utilized an automated system to text message Plaintiffs; (2) whether Defendant had consent to text message Plaintiffs; (3) whether the purpose of Defendant's solicitations was to encourage the sale of Defendant's products; and (4) whether Defendant has any policies and procedures in place to comply with the national Do-Not-Call Registry and the TCPA's regulations requiring the maintenance of an internal DNC list. Additionally, the interest of judicial economy will be served by allowing one court to hear all of Plaintiffs' claims against one common defendant. Defendant's requested alternative – multiple lawsuits and duplicative discovery – will only burden another court in this District.

Defendant's cited authorities are inapplicable to the circumstances presented here. For example, in *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, the plaintiffs' claims arose "from different factual predicates and whose only apparent connection is that they allege injuries caused by Abilify." No. 3:16md2734, 2019 U.S. Dist. LEXIS 240216, at *7 (N.D. Fla. Dec. 17, 2019). The plaintiffs in that case – unlike Plaintiffs here – did "not assert any joint or several right to relief, nor do their alleged injuries arise out of the same transactions or occurrences." *Id*. Here, Plaintiffs' claims arise from the same occurrences: unsolicited text messages from Defendant.

Similarly, in *Interscope Records v. Does 1-25*, the court denied the joinder request because

> Plaintiffs sought to include 16 plaintiffs in an action against 25 defendants. The twenty-five Defendants' interactions with the sixteen different Plaintiffs fail to conform to the standards established by Federal Rule of Civil Procedure 20 because they do not arise out of the same transaction,

7

occurrence, or series of transactions or occurrences. None of the Defendants disseminated the same copyrighted material or songs belonging to the same set of Plaintiffs.

In this case, a single plaintiff was added in the amended pleading; a plaintiff who has the same claim under the FTSA, and whose TCPA claim stems from the same pattern and practice of Defendant sending unsolicited text messages trying to sell its goods to consumers.

## IV.   CONCLUSION

Why Defendant would want to inefficiently litigate the same and similar claims on two fronts is unclear, but certainly the weight of authority and judicial economy do not support Defendant's requested relief. This Court should therefore deny Defendant's Motion.

**WHEREFORE**, Plaintiffs Bethany Gaudreau and Joseph Ram respectfully request an Order denying Defendant's Motion to Strike.

Date: January 18, 2022

Respectfully Submitted,

**HIRALDO P.A.**

/s/ *Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com

**DAPEER LAW, P.A.**
Rachel N. Dapeer, Esq.
20900 NE 30th Avenue, Ste. 417

Aventura, Florida 333180
Email: rachel@dapeer.com
Telephone: 305-610-5223

**SHAMIS & GENTILE P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299
*Counsel for Plaintiffs*