IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| BETHANY GAUDREAU, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:21-cv-01899-CEM-GJK |
| MY PILLOW, INC., | ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT MY PILLOW, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant My Pillow, Inc. ("Defendant" or "MyPillow"), as and for its Answer to the First Amended Class Action Complaint of Plaintiff Bethany Gaudreau, individually and on behalf of all others similarly situated ("the Amended Complaint") in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

## NATURE OF THE ACTION

1.     MyPillow admits that Plaintiffs allege claims based on the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA"), and the Florida Telephone Solicitation Act (the "FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.  MyPillow expressly denies it violated the TCPA, the FTSA, and/or any other law identified or referenced in the Amended Complaint.

2.      MyPillow denies the allegations as stated in Paragraph 2 and puts Plaintiffs to their strict burden of proof.

3.      MyPillow admits that Plaintiffs seek the remedies identified in Paragraph 3. MyPillow expressly denies it violated the TCPA, the FTSA, and/or any other law identified or referenced in the Amended Complaint.   MyPillow denies that Plaintiffs and/or any person fitting the description of the proposed "Internal DNC Class," "DNC Class," and/or "FTSA Class" (collectively "Proposed Classes") are entitled to those remedies.

## PARTIES

4.      MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore denies those allegations as stated and puts Plaintiffs to their strict burden of proof.

5.      MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore denies those allegations as stated and puts Plaintiffs to their strict burden of proof.

6.      MyPillow denies the allegation in Paragraph 6 that MyPillow maintains its primary place of business and headquarters in Chanhassen, Minnesota, as MyPillow maintains its primary place of business and headquarters in Chaska, Minnesota.  MyPillow admits that it is a corporation foreign to Florida that conducts certain business activities throughout Florida.  MyPillow expressly denies it violated the TCPA, the FTSA, and/or any other law identified or referenced in the Amended Complaint.

## JURISDICTION AND VENUE

7.     Paragraph 7 states a legal conclusion to which no response is required. To the extent that a response is required, MyPillow affirmatively states that jurisdiction is proper in the United States District Court for the Middle District of Florida, as is fully set forth in MyPillow's Notice of Removal (ECF Doc. No. 1).

8.     Paragraph 8 states a legal conclusion to which no response is required. To the extent that a response is required, MyPillow affirmatively states that jurisdiction is proper in the United States District Court for the Middle District of Florida, as is fully set forth in MyPillow's Notice of Removal (ECF Doc. No. 1).

9.     MyPillow expressly denies it made or caused to be made unsolicited text message calls into Florida in violation of the TCPA and/or the FTSA. MyPillow affirmatively states that jurisdiction is proper in the United States District Court for the Middle District of Florida, as is fully set forth in MyPillow's Notice of Removal (ECF Doc. No. 1).  MyPillow lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9.

10.     Paragraph 10 states a legal conclusion to which no response is required. To the extent that a response is required, MyPillow affirmatively states that venue is proper in the United States District Court for the Middle District of Florida, as is fully set forth in MyPillow's Notice of Removal (ECF Doc. No. 1).

## FACTS SPECIFIC TO PLAINTIFF GAUDREAU

11.     MyPillow denies the allegations as stated in Paragraph 11 and puts Plaintiffs to their strict burden of proof.

12.     MyPillow denies the allegations as stated in Paragraph 12 and puts Plaintiffs to their strict burden of proof.

13.     MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies those allegations as stated and puts Plaintiffs to their strict burden of proof.

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent that a response is required, MyPillow denies the allegations as stated in Paragraph 14 and puts Plaintiffs to their strict burden of proof.

15.     MyPillow denies the allegations as stated in Paragraph 15 and puts Plaintiffs to their strict burden of proof.

16.     MyPillow denies the allegations as stated in Paragraph 16 and puts Plaintiffs to their strict burden of proof.

17.     MyPillow denies the allegations as stated in Paragraph 17 and puts Plaintiffs to their strict burden of proof.

18.     MyPillow denies the allegations as stated in Paragraph 18 and puts Plaintiffs to their strict burden of proof.

19.     MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegation in Paragraph 19 that Plaintiff Gaudreau never provided MyPillow with express written consent to send text messages to Plaintiff Gaudreau, and therefore denies that allegation as stated and puts Plaintiffs to their strict burden of proof.   MyPillow denies the remaining allegations as stated in Paragraph 19 and puts Plaintiffs to their strict burden of proof.

20.     MyPillow denies the allegations as stated in Paragraph 20 and puts Plaintiffs to their strict burden of proof.

21.     MyPillow denies the allegations as stated in Paragraph 21 and puts Plaintiffs to their strict burden of proof.

22.     MyPillow denies the allegations as stated in Paragraph 22 and puts Plaintiffs to their strict burden of proof.

23.     MyPillow denies the allegations as stated in Paragraph 23 and puts Plaintiffs to their strict burden of proof.

## FACTS SPECIFIC TO PLAINTIFF RAM

24.     MyPillow denies the allegations as stated in Paragraph 24 and puts Plaintiffs to their strict burden of proof.

25.     Paragraph 25 contains legal conclusions to which no response is required. To the extent that a response is required, MyPillow denies the allegations as stated and puts Plaintiffs to their strict burden of proof.

26.     MyPillow denies the allegations as stated in Paragraph 26 and puts Plaintiffs to their strict burden of proof.

27.     MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 27, and therefore denies those allegations as stated and puts Plaintiffs to their strict burden of proof.

28.     MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 28, and therefore denies those allegations as stated and puts Plaintiffs to their strict burden of proof.

29.     MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore denies those allegations as stated and puts Plaintiffs to their strict burden of proof.

30.     MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore denies those allegations as stated and puts Plaintiffs to their strict burden of proof.

31.     MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 31, and therefore denies those allegations as stated and puts Plaintiffs to their strict burden of proof.

32.     MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegation in Paragraph 32 that Plaintiff Ram never provided MyPillow with express written consent to send text messages to Plaintiff Ram, and therefore denies that allegation as stated and puts Plaintiffs to their strict burden of proof.   MyPillow denies the remaining allegations as stated in Paragraph 32 and puts Plaintiffs to their strict burden of proof.

33.     MyPillow denies the allegations as stated in Paragraph 33 and puts Plaintiffs to their strict burden of proof.

34.     MyPillow denies the allegations as stated in Paragraph 34 and puts Plaintiffs to their strict burden of proof.

35.     MyPillow denies the allegations as stated in Paragraph 35 and puts Plaintiffs to their strict burden of proof.

36.     MyPillow denies the allegations as stated in Paragraph 36 and puts Plaintiffs to their strict burden of proof.

## **FACTS APPLICABLE TO ALL PLAINTIFFS**

37.     MyPillow denies the allegations as stated in Paragraph 37 and puts Plaintiffs to their strict burden of proof.

38.     MyPillow denies the allegations as stated in Paragraph 38 and puts Plaintiffs to their strict burden of proof.

39.     MyPillow denies the allegations as stated in Paragraph 39 and puts Plaintiffs to their strict burden of proof.

40.     MyPillow denies the allegations as stated in Paragraph 40 and puts Plaintiffs to their strict burden of proof.

41.     MyPillow admits only that it is not required "to utilize the Platform to send messages to Plaintiffs and the Class members." MyPillow denies the remaining allegations as stated in Paragraph 41 and puts Plaintiffs to their strict burden of proof.

42.     MyPillow lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 42, and therefore denies those allegations as stated and puts Plaintiffs to their strict burden of proof.   MyPillow expressly denies it violated the TCPA, the FTSA, and/or any other law identified or referenced in the Amended Complaint.

43.     In response to Paragraph 43, MyPillow admits only that it utilizes technology with the capacity to schedule the time and date for future transmission of text messages.

MyPillow expressly denies it violated the TCPA, the FTSA, and/or any other law identified or referenced in the Amended Complaint.

44.     In response to Paragraph 44, MyPillow states that the content displayed on its website speaks for itself.  MyPillow expressly denies it violated the TCPA, the FTSA, and/or any other law identified or referenced in the Amended Complaint.

## CLASS ALLEGATIONS

### PROPOSED CLASS

45.     Paragraph 45 contains legal conclusions to which no response is required. To the extent that a response is required, MyPillow denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.  MyPillow further denies that Plaintiffs' action meets the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure.  MyPillow

    (a)  specifically denies the proposed Class Action meets the numerosity requirement of Fed. R. Civ. P. 23(a)(1);

    (b)  specifically denies the proposed Class Action meets the commonality requirement of Fed. R. Civ. P. 23(a)(2);

    (c)  specifically denies the proposed Class Action meets the typicality requirement of Fed. R. Civ. P. 23(a)(3); and

    (d)  specifically denies the named Plaintiffs will adequately and fairly protect the interests of the Proposed Classes, as required by Fed. R. Civ. P. 23(a)(4).

MyPillow further denies the Proposed Classes include common questions of law or fact, as required by Fed. R. Civ. P. 23(b)(3).

46.     Paragraph 46 contains legal conclusions to which no response is required. To the extent that a response is required, MyPillow denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes. MyPillow has not violated the TCPA or the FTSA, and modifying the definitions of the "Internal DNC Class," "DNC Class," and/or "FTSA Class" would be moot.

47.     Paragraph 47 contains legal conclusions to which no response is required. To the extent that a response is required, MyPillow denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes. MyPillow affirmatively states that MyPillow has not violated the TCPA or the FTSA and that excluding MyPillow employees from the definitions of the "Internal DNC Class," "DNC Class," and/or "FTSA Class" would be moot.  MyPillow expressly denies the allegation that "Class members number in the several thousands [sic], if not more," and puts Plaintiffs to their strict burden of proof.

### NUMEROSITY

48.     MyPillow denies the allegations as stated in Paragraph 48 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

49.     MyPillow denies the allegations as stated in Paragraph 49 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

### COMMON QUESTIONS OF LAW AND FACT

50.     MyPillow denies the allegations as stated in Paragraph 50, including subparagraphs (a)-(g) thereto, and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

51.     MyPillow denies the allegations as stated in Paragraph 51 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

### TYPICALITY

52.     MyPillow denies the allegations as stated in Paragraph 52 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

53.     MyPillow denies the allegations as stated in Paragraph 53 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

### SUPERIORITY

54.     MyPillow denies the allegations as stated in Paragraph 54 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

55.     MyPillow denies the allegations as stated in Paragraph 55 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

## COUNT I
## Violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200
**(On Behalf of Plaintiff Gaudreau and the Internal DNC Class)**

56.     In response to Paragraph 56, MyPillow restates and reaffirms all prior Paragraphs of this Answer.

57.     In response to Paragraph 57, the text of 47 C.F.R. § 64.1200(d) speaks for itself.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

58.     Paragraph 58 contains legal conclusions to which no response is required. To the extent that a response is required, the text of 47 C.F.R. § 64.1200(e) and the rules set forth in 47 C.F.R. § 64.1200(d) speak for themselves.  MyPillow expressly denies it violated these provisions and denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

59.     MyPillow denies the allegations as stated in Paragraph 59 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

60.     MyPillow denies the allegations as stated in Paragraph 60 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

61.     MyPillow denies the allegations as stated in Paragraph 61 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

62.     MyPillow denies the allegations as stated in Paragraph 62 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

63.     MyPillow denies the allegations as stated in Paragraph 63 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

64.     Paragraph 64 contains legal conclusions to which no response is required. To the extent that a response is required, the text of section 227(c)(5) of the TCPA speaks for itself.  MyPillow expressly denies it violated this provision and denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

65.     MyPillow denies the allegations as stated in Paragraph 65 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

66.     MyPillow denies the allegations as stated in Paragraph 66 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

## COUNT II
## Violations of the TCPA, 47 U.S.C. § 227(c)
## (On Behalf of Plaintiff Ram and the DNC Class)

67.     In response to Paragraph 67, MyPillow restates and reaffirms all prior Paragraphs of this Answer.

68.     In response to Paragraph 68, the text of 47 C.F.R. § 64.1200(c) speaks for itself.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

69.     In response to Paragraph 69, the text of 47 C.F.R. § 64.1200(e) speaks for itself.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

70.     Paragraph 70 contains legal conclusions to which no response is required. To the extent that a response is required, the text of 47 U.S.C. § 227(c) speaks for itself. MyPillow expressly denies it violated this provision and denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

71.     MyPillow denies the allegations as stated in Paragraph 71 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

72.     MyPillow denies the allegations as stated in Paragraph 72 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

73.     MyPillow denies the allegations as stated in Paragraph 73 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

**COUNT III**
**Violation of the FTSA, Fla. Stat. § 501.059**
**(On Behalf of Plaintiffs and the FTSA Class)**

74.     In response to Paragraph 74, MyPillow restates and reaffirms all prior Paragraphs of this Answer.

75.     Paragraph 75 contains legal conclusions to which no response is required. To the extent that a response is required, the text of Fla. Stat. § 501.059(8)(a) speaks for itself. MyPillow expressly denies it violated this provision and denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

76.     Paragraph 76 contains legal conclusions to which no response is required. To the extent that a response is required, the text of Fla. Stat. § 501.059(1)(i) speaks for itself. MyPillow expressly denies it violated this provision and denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

77.     Paragraph 77 contains legal conclusions to which no response is required. To the extent that a response is required, the text of Fla. Stat. § 501.059(1)(g) speaks for itself. MyPillow expressly denies it violated this provision and denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

78.     MyPillow denies the allegations as stated in Paragraph 78 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

79.     MyPillow denies the allegations as stated in Paragraph 79 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

80.     MyPillow denies the allegations as stated in Paragraph 80 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

81.     MyPillow denies the allegations as stated in Paragraph 81 and puts Plaintiffs to their strict burden of proof.  MyPillow expressly denies that it sent any text message to Plaintiffs and/or to any person fitting the description of the Proposed Classes.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

MyPillow specifically pleads all affirmative defenses available under Rule 12 and Rule 8(c) of the Federal Rules of Civil Procedure. To the extent that any or all of the claims in the Amended Complaint may be barred by one or more of said affirmative defenses not specifically set forth herein, and the availability of such defenses cannot be determined until MyPillow has had an opportunity to complete discovery, MyPillow incorporates all said affirmative defenses as if fully set forth herein.

### **Second Affirmative Defense**

Although it is Plaintiffs' burden, to the extent the court determines otherwise, MyPillow alleges Plaintiffs' TCPA and FTSA claims are barred if prior express consent was provided to be called on their cellular or residential telephone number by providing

the number to MyPillow or the persons and entities upon whose behalf calls and/or texts were made.

### Third Affirmative Defense

Although it is Plaintiffs' burden, to the extent the court determines otherwise, MyPillow affirmatively pleads that any alleged conduct of MyPillow was not the cause in fact or proximate cause of any alleged damage to Plaintiffs and/or to the Proposed Classes. MyPillow additionally pleads that the damages alleged by Plaintiffs and/or the Proposed Classes were the result of intervening and/or superseding cause(s), as further to be determined through discovery.

### Fourth Affirmative Defense

Although it is Plaintiffs' burden, to the extent the court determines otherwise, MyPillow affirmatively pleads that all damages claimed in the Amended Complaint were caused solely by the legal fault of Plaintiffs and/or the Proposed Classes.

### Fifth Affirmative Defense

Although it is Plaintiffs' burden, to the extent the court determines otherwise, MyPillow affirmatively pleads that all damages claimed in the Amended Complaint were caused by the conduct of third parties over whom MyPillow exercised no supervision or control, nor whom MyPillow employed, such that said third-party fault cannot be imputed to MyPillow.

**Sixth Affirmative Defense**

The Amended Complaint should be dismissed under Rule 19 of the Federal Rules of Civil Procedure for failure to join the party responsible for the messages referred to in the Amended Complaint.

**Seventh Affirmative Defense**

MyPillow affirmatively pleads that Plaintiffs and the Proposed Classes have failed to mitigate their damages.

**Eighth Affirmative Defense**

Although it is Plaintiffs' burden, to the extent the court determines otherwise, MyPillow affirmatively pleads that if it violated the TCPA and/or the FTSA, which it denies, MyPillow has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA and the FTSA as alleged in the Amended Complaint.

**Ninth Affirmative Defense**

MyPillow affirmatively pleads that all claims set forth in the Amended Complaint are subject to applicable statutes of prescription, preemption, laches, repose, and are otherwise untimely and time-barred.

**Tenth Affirmative Defense**

MyPillow affirmatively pleads that all damages claimed by Plaintiffs and/or the Proposed Classes, if not found to have been caused solely by their own legal fault, alternatively, were caused at least in part by their own comparative fault and contributory

negligence, so as to result in a proportionate reduction in any judgment which Plaintiffs may ultimately recover.

### Eleventh Affirmative Defense

MyPillow affirmatively pleads that all claims set forth in the Amended Complaint should be barred, in whole or in part, by the doctrine of waiver or estoppel.

### Twelfth Affirmative Defense

Although it is Plaintiffs' burden, to the extent the court determines otherwise, MyPillow alleges Plaintiffs' TCPA and FTSA claims are barred if a prior business relationship or other exempted activity exists.

### Thirteenth Affirmative Defense

Although it is Plaintiffs' burden, to the extent the court determines otherwise, Plaintiffs and the Proposed Classes lack standing to assert the claims set forth in the Amended Complaint, in whole or in part, including because they are not the subscribers to the telephone accounts called.

### Fourteenth Affirmative Defense

The claims asserted in the Amended Complaint fail, in whole or in part, because the damages alleged on a class basis violate MyPillow's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, Article 1, Section 9 of the Florida Constitution, and Equal Protection rights under the Florida and United States Constitutions.

**Fifteenth Affirmative Defense**

MyPillow is entitled to set-off, should any damages be awarded against them, in the amount of damages or settlement amounts recovered by Plaintiffs and/or the Proposed Classes with respect to the same alleged injuries. MyPillow is entitled to have any damages that may be awarded to Plaintiffs and/or the Proposed Classes reduced by the value of any benefit or payment to Plaintiffs and/or the Proposed Classes from any collateral source.

**Sixteenth Affirmative Defense**

The claims of Plaintiffs and the Proposed Classes are, or may be, barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, release, collateral estoppel, and res judicata.

**Seventeenth Affirmative Defense**

Although it is Plaintiffs' burden, to the extent the court determines otherwise, all claims for equitable relief by Plaintiffs and the Proposed Classes are barred or diminished because an adequate legal remedy exists.

**Eighteenth Affirmative Defense**

The claims asserted in the Amended Complaint fail, in whole or in part, because the TCPA and/or FTSA unconstitutionally restrict rights protected by the First Amendment of the United States Constitution, and Article 1, Section 4 of the Florida Constitution.

**Nineteenth Affirmative Defense**

The claims asserted in the Amended Complaint fail, in whole or in part, because the damages alleged on a class basis violate MyPillow's due process rights under the Fifth and

Fourteenth Amendments of the United States Constitution, Article 1, Section 9 of the Florida Constitution, and Equal Protection rights under the Florida and United States Constitutions.

### Twentieth Affirmative Defense

The claims asserted in the Amended Complaint fail, in whole or in part, because the relief Plaintiffs' request would violate the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution and the excessive punishments clause of Article 1, Section 17 of the Florida Constitution.

### Twenty-First Affirmative Defense

The claims asserted in the Amended Complaint by Plaintiff Ram and the Proposed "DNC Class" fail because and to the extent they were not properly joined under Rule 20 of the Federal Rules of Civil Procedure.

### MyPillow Is Entitled to Attorney's Fees and Costs

1.      MyPillow has retained the law firms of Parker Daniels Kibort LLC and Hartnett Law P.A. to represent its interests and is obligated to pay such firms attorney's fees and costs related to the same.

2.      Plaintiffs' claims are asserted against MyPillow in bad faith or for the purpose of harassment, and are vexatious.

3.      Plaintiffs' claims are without basis in law or fact.

4.      MyPillow is entitled to the recovery of attorney's fees and costs pursuant to 28 U.S.C. §§ 1920, 1927, and Fla. Stat. §and 57.105.

**WHEREFORE**, MyPillow respectfully requests judgment as follows:

1.  That Plaintiffs recover nothing by their Amended Complaint.

2.  An Order denying certification of the Proposed Classes.

3.  Awarding MyPillow its costs and disbursements in this matter, including its reasonable attorney's fees as allowed by law.

4.  Granting MyPillow such other and further relief as the Court deems just and equitable.

DATED:  February 7, 2022               **PARKER DANIELS KIBORT LLC**

                                       By */s/* Ryan P. Malone
                                       Andrew D. Parker (MN Bar No. 195042)*
                                       Ryan P. Malone (MN Bar No. 0395795)*
                                       888 Colwell Building
                                       123 N. Third Street
                                       Minneapolis, MN 55401
                                       Telephone: (612) 355-4100
                                       Facsimile: (612) 355-4101
                                       parker@parkerdk.com
                                       malone@parkerdk.com

                                       *Admitted *pro hac vice*

                                       **HARTNETT LAW P.A.**
                                       David P. Hartnett
                                       Florida Bar No. 946631
                                       8900 S.W. 107 Avenue
                                       Suite 301
                                       Miami, Florida 33176
                                       Telephone: 305-598-2000
                                       Facsimile: 305-675-6171
                                       dhartnett@thehartnettfirm.com

                                       *Counsel for Defendant My Pillow, Inc.*