# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BETHANY GAUDREAU, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MY PILLOW, INC., ET AL., <br><br> Defendants. | Case No. 6:21-cv-01899-CEM-GJK |

## MULTITEL, LLC'S AMENDED AND RESTATED[1] MOTION TO QUASH AND OBJECTION TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TO TESTIFY AT A DEPOSITION

Non-party, MultiTEL, LLC ("MultiTEL"), submits this motion (the "Motion") to quash and object to the subpoena to produce documents, information, or objects and to testify at a deposition served on non-party MultiTEL on June 9, 2022 (the "Subpoena" attached as Exhibit A).

---

[1] Amended and restated to ensure compliance with the word limit and attachment requirements of the Court's Standing Order on Discovery Motions (ECF 5).

## **THIS COURT SHOULD QUASH THE SUBPOENA**

Plaintiffs served the Subpoena on non-party MultiTEL on June 9, 2022, demanding responsive documents and information for a period of over five years in under 20 calendar days, by June 28, 2022. MultiTEL, however, is not the appropriate target for the Subpoena. MultiTEL did not provide the services in question to Defendants, and therefore, does not control or have access to relevant information and documents requested in the Subpoena. Because of this, requiring MultiTEL to respond to the Subpoena presents an unnecessary and undue burden on MultiTEL. In addition, the Subpoena is premature as a motion is pending to compel arbitration and dismiss class action claims (ECF 49) ("Pending Motion") that would moot the Subpoena if granted. For the reasons set forth herein, MultiTEL respectfully requests this Court quash the Subpoena.

## **ARGUMENT**

**I.      MultiTEL is Not an Appropriate Target**

The Subpoena seeks information and documents concerning certain telecommunications and related services provided to Defendants. MultiTEL did not provide those services. As a result, MultiTEL does not possess responsive information or documents requested in the Subpoena. Therefore,

2

MultiTEL objects on grounds of relevancy because MultiTEL simply cannot provide any responsive information. Plaintiffs have not shown that MultiTEL possesses any relevant information or documents. Thus, the Subpoena exceeds the limits on its scope and should be quashed. Fed R. Civ. P. 26(b)(2).

## II. The Subpoena is Premature

This Court has not ruled on the Pending Motion, which could moot the Subpoena. (ECF 49). Accordingly, the Subpoena is premature, and as a result, unduly burdensome. *Id.* at 45(d)(3)(A)(iii).

## III. Undue Burden and Expense Associated with Having to Respond to the Subpoena

Compliance with the Subpoena would subject MultiTEL to an "undue burden" as Plaintiffs have not sufficiently tailored the Subpoena. *Id.* at 26(b)(2); *id.* at 45(d)(3)(A)(iv). The Subpoena represents a fishing expedition seeking documents, information, and deposition of a non-party that played no role in the alleged conduct. Thus, the Subpoena is overbroad and unduly burdensome by requiring a non-party to respond and attend a deposition. The burdensome nature of the Subpoena is especially high given the potential for the Pending Motion to render it moot. *Id.*

### IV. Objection for Lack of Relevance

Finally, MultiTEL objects to the Subpoena *in toto* on relevancy grounds. As explained above, MultiTEL does not possess any responsive information or documents and therefore cannot provide any relevant matter. Plaintiffs have not shown and cannot show that MultiTEL can provide relevant information because MultiTEL did not provide any services germane to the lawsuit. Accordingly, the Subpoena exceeds its permissible limits and should be quashed on relevancy grounds. *Id.* at 26(b)(2).

## CONCLUSION

For the forgoing reasons, MultiTEL respectfully requests this Court grant MultiTEL's Motion and quash the Subpoena.

\* \* \*

## LOCAL RULE 3.01(g) CERTIFICATION

Movant conferred with Plaintiffs' counsel by email and telephone regarding this Motion and do not agree on the resolution of this Motion, which will be opposed.

Date: June 23, 2022

Respectfully submitted,

*/s/ Joseph A. Brown*
JOSEPH A. BROWN
Florida Bar No. 25765
KUTAK ROCK, LLP
107 W. College Ave.
Tallahassee, FL 32301
Tel: (850) 692-7303
Fax: (850) 692-7319
Primary Email:
Joseph.Brown@KutakRock.com
Secondary Email:
Amy.Barber@KutakRock.com

*Counsel for MultiTEL, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022, a true and correct copy of the forgoing was electronically filed and served via CM/ECF on all parties whom have entered an appearance:

Manuel S. Hiraldo
Hiraldo P.A.
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com

Rachel N. Dapeer
Dapeer Law, P.A.
300 S Biscayne Blvd., Suite 2704
Miami, FL 33131
rachel@dapeer.com

Andrew J. Shamis
Garrett O. Berg
Shamis & Gentile, P.A.
14 NE 1st Avenue
Miami, FL 33132
ashamis@shamisgentile.com
gberg@shamisgentile.com

Scott A. Edelsberg
Edelsberg Law, PA
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
scott@edelsberglaw.com

Christopher C. Gold
Robbins Geller Rudman & Dowd LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Fl 33433
chris@edelsberglaw.com

Andrew D. Parker
Ryan P. Malone
Parker Daniels Kilbort LLC
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
malone@parkerdk.com

David P. Hartnett
Hartnett Law P.A.
8900 S.W. 107 Avenue
Suite 301
Miami, Florida 33176
dhartnett@thehartnettfirm.com