**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| BETHANY GAUDREAU, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 6:21-cv-01899-CEM-DAB |
| ) | |
| MY PILLOW, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

### DEFENDANTS' OBJECTIONS TO FINDINGS AND CONCLUSIONS IN REPORT AND RECOMMENDATION

Defendants My Pillow, Inc. ("MyPillow"), Michael James Lindell ("Lindell"), and Frank Speech, LLC ("FrankSpeech") (collectively, "Defendants") pursuant to Rule 72 of the Federal Rules of Civil Procedure and to 28 U.S.C. § 636(b)(1), submit the following Objections to the Report and Recommendation ("Report," Doc. 60) on Defendants' Motion to Compel Arbitration and Dismiss Class Action Claims ("Motion," Doc. 49). Defendants urge the Court to reject the disposition recommended in the Report and to grant Defendants' Motion. If the Court denies Defendants' Motion, Defendants alternatively ask that the Court issue instructions consistent with these Objections.

### INTRODUCTION

The Report bases the recommendation to deny Defendants' Motion, at least in part, on three conclusions: 1) Defendants failed to establish a valid agreement by not providing proof that Plaintiffs visited the MyPillow website or provided their phone numbers to MyPillow; 2) MyPillow waived the right to seek arbitration; and 3) judicial estoppel precluded Defendants Lindell and FrankSpeech from relying on MyPillow's arbitration agreement. Defendants

specifically and respectfully object to these three conclusions as stated in the Report. Through their Motion, Defendants also sought the alternative relief of dismissing Plaintiffs' class action claims. Defendants object to the Report to the extent it does not address the alternative relief sought.

## LEGAL STANDARD

This Court's review is de novo. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## FACTUAL BACKGROUND

Defendants submit no objection to the background facts as described in the Report. (Doc. 60, pp. 2-3). Instead, Defendants object to the conclusions identified and discussed below.

## SPECIFIC OBJECTIONS

### I. It is Premature to Find Defendants Failed to Establish a Valid Agreement

Defendants object to the Report's conclusion that "Defendants fail to show that the Messaging Terms constitute a valid, written agreement between the parties since they provide no proof Plaintiffs visited MyPillow's website or provided their phone numbers to MyPillow." (Doc. 60, p. 8). This conclusion imposes an evidentiary hurdle to the Motion that Defendants are not yet required to clear. Though Defendants may ultimately be obliged to establish the existence of a valid, written agreement between the parties, *see, e.g., Gustave v. SBE ENT Holdings, LLC,* Civil Action No. 19-23961-Civ-Scola, 2020 U.S. Dist. LEXIS 180264, at *9 (S.D. Fla. Sep. 30, 2020), they need not do so in the time and manner the Report contemplates. It is premature to find Defendants failed to meet their burden to establish an agreement between the parties.

Where a party disputes the validity of an arbitration agreement, as Plaintiffs do here, the Federal Arbitration Act mandates that dispute to rest on more than mere critique. But critique is

all that has been offered so far by the Plaintiffs. If Defendants must show Plaintiffs assented to MyPillow's terms and conditions to prevail on the Motion, they are entitled to review or gather facts bearing on that issue. The Eleventh Circuit Court of Appeals recently embraced this principle, noting that "the FAA expressly provides that district courts may consider evidence when determining whether an arbitration agreement exists." *Reiterman v. Abid*, 26 F.4th 1226, 1233 (U.S. 11th Cir. 2022) (citing 9 U.S.C. § 4 ("If the making of the arbitration agreement … be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default … the court shall hear and determine such issue.")). Such evidence, of course, may include the phone numbers Plaintiffs allege they never provided to Defendants and sworn testimony that they never visited the MyPillow website. In opposing the Motion, however, Plaintiffs did not identify their numbers, nor did Plaintiffs offer proof or testimony they never visited the website cited in their Complaint. (Corr. Second Am. Compl., Doc. 44, p. 36).

Controlling caselaw further suggests denying the Motion is premature. The Report refers to *Bazemore v. Jefferson Capital Systems*, LLC, 827 F.3d 1325, 1327 (11th Cir. 2016) in finding that Defendants cannot meet their burden to establish a valid agreement because the declaration of a MyPillow employee was inadequate. (Doc. 60, p. 10). *Bazemore,* however, does not merit that finding. As the Court would explain in *Reiterman,*

> *Bazemore* simply provides district courts with the option of deciding whether an arbitration agreement exists as a matter of law using a summary judgment-like standard. It does not preclude district courts from holding an evidentiary hearing to determine whether an arbitration agreement exists as a matter of fact, not as a matter of law… As the District Court here held an evidentiary hearing to determine

whether an arbitration agreement existed, it was not required to apply a summary judgment-like standard under *Bazemore*.

*Reiterman*, 26 F.4th at 1233.

No evidentiary hearing has yet been conducted, meaning that the summary judgment-standard would apply. *Id*. Under this standard, the Motion should have been granted because Plaintiffs have not opposed it with admissible evidence. *See Hearn v. Comcast Cable Commc'ns, LLC,* 992 F.3d 1209, 1215 n.3 (11th Cir. 2021) (applying summary judgment-like standard to motion to compel arbitration); *Robertson v. Interactive Coll. of Tech./Interactive Learning Sys*., 743 F. App'x 269, 273 (11th Cir. 2018); *Wright v. Greensky, Inc.,* No. 20-cv-62441, 2021 U.S. Dist. LEXIS 110593, at *7 (S.D. Fla. June 14, 2021) (summary judgment evidence must be evidence that could be admissible at trial). Plaintiffs have offered no testimony or documentary evidence rebutting actual or constructive knowledge of the Terms and Conditions cited in their Complaint. (Corr. Second Am. Compl., Doc. 44, p. 36).

If Plaintiffs never agreed to MyPillow's Terms and Conditions, they should present some admissible evidence to that effect. Consistent with *Reiterman*, denials of motions to compel arbitration without a hearing – or at least some admissible evidence or testimony by the non-moving party – deviate from the procedure the FAA outlines. *See* 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default . . . the court shall hear and determine such issue."). *See also Reiterman*, 26 F.4th at 1233.

Caselaw invoked within the Report further underscores that denying the Motion would be premature. (Doc. 60, p. 6) (citing *Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359, 1368 (11th Cir. 2005); *CEFCO v. Odom*, 278 So. 3d 347, 352 (Fla. 1st DCA 2019); *Palm Garden of*

4

*Healthcare Holdings, LLC v. Haydu*, 209 So. 3d 636, 638 (Fla. 5th DCA 2017)).[1] In *Caley,* the Eleventh Circuit affirmed the district court's granting of the defendant's motion to compel arbitration, even though the plaintiffs disputed the validity of the arbitration agreement and the record established they never signed it. *Caley,* 428 F.3d at 1369-70; 1374-75; 1379. This is consistent with the well-settled precept that arbitration can be compelled even if a party disputes the validity of the arbitration agreement itself. *See, e.g., TracFone Wireless, Inc. v. Blue Ocean's Distrib., LLC*, 616 F. Supp. 2d 1284, 1285-86 (S.D. Fla. 2009). In *CEFCO,* the Florida First District Court of Appeal evaluated substantial record evidence, including multiple affidavits from the party claiming she never assented to arbitration. 278 So. 3d at 350-351. No such testimony has been presented here. Similarly, in *Palm Garden,* the trial court held a hearing on the motion to compel arbitration, during which it considered testimonial evidence from key witnesses as to whether the parties entered into a binding arbitration agreement. *Palm Garden,* 209 So. at 637-38.

Defendants have both the ultimate burden to establish a valid arbitration agreement and an opportunity under the Federal Arbitration Act to meet their burden.[2] Denying the Motion unduly deprives them of that opportunity.

II.     **A Finding of Judicial Estoppel is Premature and not Appropriate as to Agency Claims**

Defendants object to the Report's finding that judicial estoppel applies in this case. The Report and Recommendation denied Defendants' Motion in part because "Defendants rely only on *Plaintiffs'* allegations as proof to establish an agency relationship. (Doc. 49 at 15). But

---

[1] *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004), also cited on page 6 of the Report, did not involve a disputed arbitration agreement or a motion to compel arbitration.

[2] This is the case not only for Plaintiffs Gaudreau and Ram, but also for each and every member of the putative classes.

5

Defendants cannot avail themselves of an agency relationship when it benefits them only to dispel the relationship when it does not…'Judicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings.")." (Doc. 60, p. 7) (citing *American Nat'l Bank v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983)).

Judicial estoppel does not apply in this case. When evaluating whether judicial estoppel applies,

> [t]he Eleventh Circuit employs a two-part test. First, courts look to whether the party took an inconsistent position under oath in a separate proceeding and then to whether the "inconsistent positions were 'calculated to make a mockery of the judicial system.'" [*Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017)]. Both positions, as well as the party's motive in changing positions, must be considered. *Id*. "Judicial estoppel should not be applied when the inconsistent positions were the result of "inadvertence[ ] or mistake" because judicial estoppel 'looks towards cold manipulation and not an unthinking or confused blunder.'" *Id*. (quoting *Johnson Serv. Co. v. Transamerica Ins. Co*., 485 F.2d 164, 175 (5th Cir. 1973)).

*Kennedy v. Stein*, No. 5:21-cv-00106-TES, 2021 U.S. Dist. LEXIS 189458, at *31-32 (M.D. Ga. Oct. 1, 2021).

Judicial estoppel may also apply "where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position…" *Dzikowski v. United States (In re Cummings),* 381 B.R. 810, 826 (S.D. Fla. 2007). This is not the situation addressed in the Report, as no party to the case has yet successfully maintained a position regarding the alleged agency of Defendants.

Here, there has been *no separate proceeding*, nor has any party yet successfully maintained a position it now seeks to contravene. Instead, Plaintiffs have alleged an agency relationship, claiming that the three Defendants worked in concert to prepare and send text messages that violate the TCPA and FTSA. (Corr. Second Am. Compl., Doc. 44, pp. 32-34). Plaintiffs allege that this

6

joint effort was a "marketing scheme" hatched on MyPillow's behalf to generate revenue. (Id., pp. 34-35). Defendants appropriately proceeded on a Rule 12 motion assuming, *arguendo*, that even if these allegations were true, then arbitration may still be required. *See Craig v. Total Quality Logistics*, LLC, No. 8:16-cv-2970-T-24 AEP, 2017 U.S. Dist. LEXIS 12023, at *7-8 (M.D. Fla. Jan. 30, 2017) (non-parties to an arbitration agreement may invoke the agreement). Within the context of the same case, it is axiomatic that parties can raise alternative arguments and positions that may rely on conflicting facts. *See, e.g., Montoya v. PNC Bank, N.A.,* No. 14-20474-CIV-GOODMAN, 2014 U.S. Dist. LEXIS 119464, at *34 (S.D. Fla. Aug. 27, 2014) (alternative pleading is permitted at the motion to dismiss stage, even if theories are inconsistent). This is why a Rule 12 motion generally does not call for judicial estoppel. *See, e.g., Allen v. Senior Home Care, Inc.,* No. 14-81408-CIV-MARRA, 2015 U.S. Dist. LEXIS 29768, at *5 (S.D. Fla. Mar. 11, 2015) (ruling on the issue of judicial estoppel was premature at the motion to dismiss stage).

To the extent the Report recommends denying the Motion based on judicial estoppel principles, this recommendation should be rejected.

### III.     Defendants Did Not Waive Their Right to Seek Arbitration

Defendants object to the Report's conclusion that MyPillow waived the right to seek arbitration. (Doc. 60, pp. 13-21). Plaintiffs' Corrected Second Amended Complaint set forth material changes to the prior complaint. In such a case, the right to compel arbitration not previously asserted may be revived. *See Krinsk v. SunTrust Banks, Inc.,* 654 F.3d 1194, 1203-1204 (11th Cir. 2011). The Corrected Second Amended Complaint materially changes a previous operative pleading, Plaintiffs' Amended Complaint, which contained no reference to FrankSpeech or Lindell as parties or potential parties. (Doc. 9). Plaintiffs' filing of the Corrected Second Amended Complaint revived Defendant MyPillow's right to enforce the arbitration agreement

because the amended pleading materially expanded the theory and scope of Plaintiffs' case, introducing new allegations of a "marketing scheme" hatched among entirely new defendants. *See, e.g., Brown v. E.F. Hutton & Co.*, 610 F. Supp. 76, 78-79 (S.D. Fla. 1985) (new factual allegations may revive right to seek arbitration).

The Report invoked the recent Supreme Court decision of *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022) to analyze the issue of waiver in the context of both Florida law and non-arbitration cases. (Doc. 60, pp. 16-20). *Morgan* does not invite that analysis because *Morgan* does not universally abrogate the settled law in this circuit that "[f]ederal law governs the issue of waiver." *Guy Roofing v. Angel Enters., LLC,* No. 17-14081-CIV, 2018 U.S. Dist. LEXIS 34807, at *16 (S.D. Fla. Feb. 28, 2018) (citing *S&H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). Neither *Morgan* nor any case cited in the Report suggests a state law standard would apply to the alleged waiver of an arbitration agreement.

In *Morgan,* the issue before the Supreme Court was the Eighth Circuit's decision to condition waiver on a showing of prejudice. 142 S. Ct. at 1712-13. Here, Defendants have not asked the Court to consider only the lack of prejudice to Plaintiffs. *Morgan* eliminated the prejudice sub-element, but it did not address the question of waiver relevant to the Motion: the revival of a right to arbitrate through an amended pleading. In that context, the waiver analysis remains the law of this circuit. *See, e.g., Krinsk,* 654 F.3d at 1203-1204; *Guy Roofing,* 2018 U.S. Dist. LEXIS 34807, at *16. Waiver is inherently case-specific, and "any party arguing waiver of arbitration bears a heavy burden of proof." *Gutierrez v. Wells Fargo Bank, N.A.*, 889 F.3d 1230, 1236 (11th Cir. 2018); *Grigsby & Assocs. v. M. Sec. Inv.*, 635 F. App'x 728, 732 (11th Cir. 2015). *Morgan* did not abrogate the "heavy burden of proof" standard espoused in cases like *Gutierrez* and *Grigsby.* In fact, *Morgan* did not address the burden standard at all. It therefore does not

suggest that a lower waiver burden now applies to the Motion. The Report should not be adopted to the extent it is inconsistent with *Morgan* and with controlling federal law respecting the waiver of arbitration agreements.

### IV. This Court May Dismiss Plaintiffs' Class Action Claims

Defendants, through their Motion, moved for a dismissal of Plaintiffs' class action claims. (Doc. 49, pp. 20-23). Defendants object to the Report to the extent it does not address that relief sought.

As the Report notes, MyPillow's Messaging Terms "contain a waiver of class action." (Doc. 60, p 3). The Report does not specifically find whether this waiver applied to Plaintiffs. It should have, because a class action waiver may be enforceable even if the arbitration agreement is not. *See, e.g., McIntosh v. Royal Caribbean Cruises, Ltd.*, No. 17-CV-23575, 2018 U.S. Dist. LEXIS 60234, at *8-9 (S.D. Fla. Apr. 9, 2018); *Deluca v. Royal Caribbean Cruises*, *LTD*, 244 F. Supp. 3d 1342, 1348-49 (S.D. Fla. 2017) ("Class action waivers are enforceable outside the context of consumer arbitration."). A district court must enforce a valid class action waiver. *See Bailey v. Vulcan Materials Co.,* No. 1:21-CV-0998-MHC, 2021 U.S. Dist. LEXIS 235444, at *7 (N.D. Ga. Nov. 16, 2021) ("The validity of a class action waiver has nothing to do with the advantages of arbitration or some sort of trade-off. Instead, class action waivers are upheld because they are contractual provisions that do not affect any substantive rights.").

Defendants presented argument in the Motion that the Court should enforce both the arbitration and class action waiver provisions at issue in this case, and argued that class waiver claims may survive even if arbitration were denied. (Doc. 49, p. 23). Based on the facts underlying the Motion, the Court may dismiss Plaintiffs' class action claims. *See, e.g., Deluca,* 244 F. Supp. 3d at 1345. If the Court does not dismiss or further address Plaintiffs' class action claims at this

9

stage, the Court may, pursuant to Rule 72, instruct that Defendants are not prejudiced from later seeking dismissal of those claims.

## CONCLUSION

For the reasons discussed above, as well as in Defendants' Motion, Defendants respectfully request an Order from this Court compelling the parties to arbitrate Plaintiffs' claims and dismissing Plaintiffs' class action claims.

DATED: July 15, 2022

**PARKER DANIELS KIBORT LLC**

By /s/ Ryan P. Malone
Andrew D. Parker (*pro hac vice*)
Ryan P. Malone (*pro hac vice*)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
malone@parkerdk.com

*Counsel for Defendants MyPillow, Inc., Michael James Lindell, and Frank Speech, LLC*

**HARTNETT LAW P.A.**

David P. Hartnett
Florida Bar No. 946631
8900 S.W. 107 Avenue
Suite 301
Miami, Florida 33176
Telephone: 305-598-2000
Facsimile: 305-675-6171
dhartnett@thehartnettfirm.com

*Counsel for Defendant My Pillow, Inc.*

                **GORDON REES**
                **SCULLY MANSUKHANI**

                Chantel C. Wonder
                Florida Bar No. 87601
                Miami Tower
                100 S.E. Second Street, Suite 3900
                Miami, Florida 33131
                Telephone: (305) 428-5323
                Email: cwonder@grsm.com

                *Counsel for Defendants Michael James*
                *Lindell and Frank Speech, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 15, 2022, I have filed the foregoing with the Clerk of the Court, who will use the CM/ECF system which will send a notice of electronic filing to the following service list.

                By: /s/ Ryan P. Malone
                      Ryan P. Malone

**Service List:**
Manuel S. Hiraldo
HIRALDO P.A.
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com

Rachel N. Dapeer
DAPEER LAW, P.A.
300 S Biscayne Blvd., Suite 2704
Miami, FL 33131
Email: rachel@dapeer.com

Andrew J. Shamis
Garrett O. Berg
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue
Miami, FL 33132
Email: ashamis@shamisgentile.com
Email: gberg@shamisgentile.com

Scott Edelsberg
EDELSBERG LAW, PA
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
Email: scott@edelsberglaw.com

Christopher Chagas Gold
ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Fl 33433
Email: chris@edelsberglaw.com

Chantel C. Wonder
GORDON REES SCULLY MANSUKHANI
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Email: cwonder@grsm.com

David P. Hartnett
HARTNETT LAW P.A.
8900 S.W. 107 Avenue
Suite 301
Miami, Florida 33176
Email: dhartnett@thehartnettfirm.com