UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:21-cv-01899-CEM-GJK

BETHANY GAUDREAU,
individually and on behalf of all,
others similarly situated,                           **CLASS ACTION**

      Plaintiff,

v.

MY PILLOW, INC.,

      Defendant.

_____/

## DEENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY, D.E. 74

Defendants, MY PILLOW, INC. ("MY PILLOW"), FRANK SPEECH, LLC ("FRANK SPEECH") AND MICHAEL JAMES LINDELL ("LINDELL") (collectively, "DEFENDANTS"), through their undersigned counsel, hereby submit this memorandum in opposition to Plaintiffs', BETHANY GAUDREAU and JOSEPH RAM, Motion to Compel Discovery (D.E. 74) (the "Motion"), which improperly seeks Court intervention in discovery issues between the parties, despite Defendants' production of the requested discovery, and is disfavored in this court. In support thereof, Defendants state:

## INTRODUCTION

Plaintiffs ask the Court to compel Defendants to respond to their Second Request to Produce, despite the fact that Defendants already responded with the available documents and have had constant communication with Plaintiffs'

1

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

counsel regarding the status of the documents and updates regarding Defendants'

efforts to locate the requested documents, even before the discovery was due.

Plaintiffs claim that this action is based on mass transmission of "robotexts" to

unsuspecting consumers, conspicuously omitting the fact that the recipients of

texts messages from Frank Speech provided prior express written consent to

receive these texts from Frank Speech.[1]  Plaintiffs further fail to address Plaintiff

Gaudreau's existing business relationship with Frank Speech (Plaintiff Gaudreau

conceded in her discovery responses that she knowingly joined Frank Speech to

watch a live video and this concession established an existing business

relationship).

In their Motion, Plaintiffs mischaracterize and misstate facts. Plaintiffs fail

to disclose to the Court that there are many related non-parties in this action that

are in possession of the documents Plaintiffs have sought in both their First and

Second sets of discovery to Defendants, and that counsel for Defendants have

made extraordinary efforts to obtain the necessary information and documents

from these non-parties after counsel for Plaintiffs failed to obtain it though

subpoenas. Many of Plaintiffs' discovery requests seek documents that

Defendants do not possess, but instead would be properly obtained from the

related non-parties. Plaintiffs concede this fact by virtue of their subpoenas to

---

[1] The texts from Frank Speech promoted My Pillow products offered on the Frank Speech website.  Plaintiffs incorrectly conclude that the inclusions of such promotions by Frank Speech equate with "texts" from My Pillow.

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

Johnston Howze (the company that ran the Frank Speech website and maintained the consent database from which Frank Speech texts were sent) and Text2Com, the company that sent the Frank Speech text messages to the telephone numbers provided by Johnston Howze from Johnston Howze's consent database. Additionally, the requests imposed an unjustified and tremendous burden upon Defendants. This is especially the case where Plaintiff Gaudreau is not a member of the classes she seeks to represent and where Plaintiff Ram received no text messages from Frank Speech. Nonetheless, counsel for Defendants has earnestly cooperated and made their best efforts to assist in obtaining the requested documents.

In spite of Defendants' good faith efforts to comply with Plaintiff's second set of discovery requests, Plaintiffs' counsel refused to agree to an extension of time to enable Defendants to continue their diligent efforts to secure documents and information in the possession of third parties, as well as communications having nothing to do with the allegations in the corrected Second Amended Complaint, unless Defendants agreed to waive objections to the plainly objectionable requests. The demand to waive appropriate objections was unreasonable.

The Middle District of Florida Discovery Handbook emphasizes that ***"[d]iscovery in this district should be practiced with a spirit of cooperation and civility."*** *See the Middle District of Florida Discovery Handbook (2021).* Counsel for Defendants have made efforts to resolve discovery

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

issues and cure deficiencies in Plaintiffs' discovery requests  without court intervention, but Plaintiffs' counsel was inclined to ignore the "spirit of cooperation".

Plaintiffs served their Second Request to Produce to Defendants on August 26, 2022, making the responses due on Monday, September 26, 2022. Plaintiffs' counsel filed the Motion to Compel on Thursday, September 29, 2022, despite assurances from Defendants' counsel that the documents were being gathered by Defendants for production. The court was closed at this time due to Hurricane Ian affecting Tampa Bay and the surrounding areas. Defendants served their responses to Plaintiffs' Second Request to Produce on October 4, 2022, with the responsive documents available at that time. Defendants supplemented their production with additional documents as they became available and were reviewed on October 5, 2022 and October 12, 2022.[2]  While completing this production, Defendants preserve their objections.  Defendants continue to search for responsive documents, which will be produced as they are located. Despite these efforts by Defendants, Plaintiffs' counsel has not withdrawn their Motion to Compel.

---

[2] Defendants production of documents is substantial and contains thousands of pages of records. The last bates stamp served was 2477. While these documents are not germane to the allegations in the corrected Second Amended Complaint – contending that Plaintiffs received text messages from Frank Speech without prior written express consent and that Ms. Gaudreau continued to received texts from non-party Text2Com after she revoked her consent by sending a "Stop" request.  Plaintiffs' counsel improperly contends that Defendants are withholding documents, despite Defendants' good faith compliance with the requests.

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

The Motion seeks to compel discovery in violation of the professionalism requirements contained in the Middle District Discovery Handbook and disingenuously represents that Plaintiffs attempted to resolve these issues with Defendants prior to filing. This did not occur, as Plaintiffs' counsel unreasonably refused to any extension of time to respond to the requests. It is clear that Plaintiffs *made no attempts* to resolve these issues with Defendants prior to filing their Motion, as Defendants served their responses to the requests on October 4, 2022, only one week after the original due date and after requesting an extension from opposing counsel, and have been producing responsive documents on a rolling basis from October 3, 2022 to October 12, 2022 as they become available.

Finally, Plaintiffs added Defendants Frank Speech, LLC and Michael Lindell as Defendants in May 2022. Defendants filed a Motion to Compel Arbitration, which has not yet been ruled on by the Court. Although Plaintiffs and Defendant, My Pillow, met pursuant to Federal Rule of Civil Procedure 26(f) and agreed to a scheduling order which was entered in January 2022, no Rule 26(f) conference has occurred between Plaintiffs and the added Defendants, Frank Speech, LLC and Michael Lindell. These Defendants retained separate counsel from My Pillow after they were served with the lawsuit. Therefore, Plaintiffs' discovery is not deemed served on Frank Speech, LLC pursuant to Federal Rule of Civil Procedure 26(d)(1) until the parties have met for the Rule 26(f) conference and the responses cannot be compelled at this time.

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

For all the reasons discussed above, Defendant's Motion to Compel should be denied, as it could have been resolved without court intervention, the requested documents are not germane to Plaintiffs' claims, and the requests are not deemed served against Frank Speech, LLC under the Federal Rules of Civil Procedure until the parties meet for the Rule 26(f) conference.

## **LEGAL STANDARD**

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Jones v. Z.O.E. Enters. of Jax*, No. 3:11-cv-377, 2012 U.S. Dist. LEXIS 104768, at *2 (M.D. Fla. July 27, Whether to grant a motion to compel is at the discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

The Discovery Handbook for the Middle District of Florida (the "Handbook") provides guidance on how parties in litigation should work together to resolve discovery disputes without court intervention:

*(I)(A)(1)     COURTESY. **Discovery in this district should be practiced with a spirit of cooperation and civility.** The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District.*

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

*(I)(A)(3) SCHEDULING.* ***An attorney shall reasonably attempt to accommodate the schedules of opposing counsel, parties, and witnesses in scheduling discovery****.*

*(I)(A)(4) STIPULATIONS. … the parties may stipulate in writing in accordance with Local Rule 3.05, Middle District of Florida,* ***to alter, amend, or modify any practice with respect to discovery.***

*(III)(A)(5)RESPONDING TO A DOCUMENT REQUEST. A party and counsel ordinarily have complied with the duty to respond to a document request if they have:*

*…*

*f. Ensured a reasonable inquiry with those persons and a reasonable search of those places likely to result in the discovery of responsive documents.*

*(I)E)(1)TIMELINESS OF DISCOVERY RESPONSES. The Federal Rules of Civil Procedure set forth explicit time limits for responding to discovery requests. If unable to answer timely, an attorney should first seek an informal extension of time from counsel propounding the discovery.* ***Counsel in this district typically accommodate reasonable requests for additional time.*** *If unable to informally resolve the matter, counsel should move for an extension of time to respond. See Local Rule 3.01(g), Middle District of Florida, requiring a certificate that counsel have conferred before seeking judicial relief.*

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

*See the Middle District of Florida Discovery Handbook (2021) (emphasis added)*

The court "has wide latitude in imposing sanctions for failure to comply with discovery." *Aziz v. Wright,* 34 F.3d 587, 589 (8th Cir.1994). "Rule 37 sanctions are to be applied diligently." *In re Stauffer Seeds, Inc.,* 817 F.2d 47, 49 (8th Cir.1987). Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. *Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421–22 (6th Cir.1998).* Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. *Rickels v. City of South Bend,* 33 F.3d 785, 787 (7th Cir.1994). A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington–Fayette Urban County* Gov't, 407 F.3d 755, 766 (6th Cir.2005) (citing *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)).

## ARGUMENT AND MEMORANDUM OF LAW

### I. Plaintiffs' Motion to Compel is Moot, as Defendants' Have Provided Responses and Documents

Plaintiffs quickly filed their Motion three (3) days after Defendants' Responses to Plaintiffs' Second Request to Produce were due, despite Defendants' request for a brief extension of time. The short Motion is vague and requests only

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

that the responses and documents be provided and does not contain objections to any specific responses. The responses were served on October 4, 2022, and documents have been continually provided by Defendants as they become available. Plaintiffs' Motion is therefore moot and should be denied.

Plaintiffs claim that Defendants' objections are waived for failure to timely respond. The Court should deny Plaintiffs' requests to deem objections waived, as Defendants' counsel made diligent efforts to obtain an agreeable extension and resolve the issues in Plaintiffs' Motion. Defendants' counsel did not request an extension of time to responds from the Court, as they were hopeful the issues could still be resolved between the parties.

Because Defendants attempted to comply with the spirit of the Middle District local rules and Plaintiffs unreasonably and unprofessionally refused to agree to an extension or attempt to resolve the discovery issues, Defendants request that the Court deny all relief requested in Plaintiffs' Motion.

## II.    Plaintiffs' Request for Fees Pursuant to Federal Rule of Civil Procedure 37 Should be Denied

Although Plaintiffs filed the certification described in Local Rule 3.01 (g), in an apparent effort to comply with the letter of that rule, Defendants respectfully submit that they did not comply with the spirit of that rule. Indeed, the local rule requires more effort than what occurred in this case. The purpose of Federal Rule 37(a)(1) and Local Rule 3.01 (g) is to require the parties to communicate and resolve certain types of disputes without court intervention. *See Broughton v. City*

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

*of Jacksonville*, Case No. 3:06-cv-234-J-32MCR, 2007 U.S. Dist. LEXIS 75296, at 4 (M.D. FLa. 2007) (citing *Desai v. Tire Kingdom, Inc.*, 994 F. Supp. 876 (M.D. Fla. 1996)). As another Florida federal court has held, "[t]he term 'communicate' has been further clarified to mean, 'to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues.' " *City of Jacksonville*, 2007 U.S. Dist. LEXIS 75296, at *4-5 (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 2000 WL 1658575 (M.D. Fla. 2000)). Here, Plaintiffs' efforts consisted several one-line emails threatening to compel "remaining documents." *See* E-mails dated September 12, 2022 through October 3, 2022, attached hereto as Composite *Exhibit "A."* Despite Defendants' requests for extensions, served written responses, approximately 2,500 page total document production, and responsive letters dated October 4, 2022 and October 12, 2022, Plaintiffs' counsel made no effort to engage in two-way communication with Defendants' counsel. Had Plaintiffs' counsel done so, they would have determined that many of their concerns noted in their Motion to Compel were satisfied, as the responses and documents were served.

Plaintiffs' counsel's alleged conferral on the issues in the Motion to Compel is insufficient to satisfy the meet and confer requirement set forth in Federal Rule 37(a)(1) and in Local Rule 3.01(g). *See City of Jacksonville*, 2007 U.S. Dist. LEXIS 75296, at 5. Furthermore, Plaintiffs' counsel refused to withdraw the Motion after receiving responses and the responsive documents, further involving the Court in matters that could have been resolved between the parties.

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

Should Plaintiffs' Motion require a hearing, Defendants respectfully request that their costs and fees related to this response and any hearing be awarded, as Plaintiffs ignored Defendants' reasonable efforts to resolve discovery issues in their Motion and the request to withdraw the Motion after the responses were served.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion in its entirety. Defendants have appropriately responded to Plaintiffs' Second Request to Produce and have preserved their appropriate objections. Furthermore, Plaintiffs' refusal to work with opposing counsel to resolve the discovery issues is in violation of the spirit of discovery and the Middle District of Florida Handbook. Defendants respectfully request that the Court deny Plaintiffs' Motion in its entirety, including Plaintiffs' request for attorneys' fees, and award Defendants appropriate fees and costs.

*THIS SPACE INTENTIONALLY LEFT BLANK.*

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

Respectfully submitted October 13, 2022.

/s/ *Chantel C. Wonder*
**CHANTEL WONDER, ESQ.**
Florida Bar No. 87601
**GORDON REES**
**SCULLY MANSUKHANI**
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5323
Email: cwonder@grsm.com

***Counsel for Defendants, My Pillow,
Inc., Michael James Lindell and
Frank Speech, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served via the ECF and by electronic mail to all parties on the service list on this

13th day of October, 2022 on:

## SERVICE LIST

Manuel S. Hiraldo, Esq.
HIRALDO, P.A.
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, FL 33301
mhiraldo@hiraldolaw.com

Rachel N. Dapeer, Esq.
DAPEER LAW, P.A.
20900 NE 30th Avenue, Ste. 417
Aventura, Florida 333180
Email: rachel@dapeer.com

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131

Andrew J. Shamis, Esq.
Garrett O. Berg, Esq.
SHAMIS & GENTILE P.A.
14 NE 1st Ave., Suite 705
Miami, Florida 33132
ashamis@shamisgentile.com
gberg@shamisgentile.com

Scott Edelsberg, Esq.
EDELSBERG LAW, PA
19495 Biscayne Blvd #607
Aventura, FL 33180
scott@edelsberglaw.com

*Counsel for Plaintiffs*

David P. Hartnett, Esq.
HARTNETT LAW, P.A.
8900 S.W. 107 Avenue
Suite 301
Miami, Florida 33176
dhartnett@thehartnettfirm.com

Ryan P. Malone (pro hac vice)
Andrew D. Parker (pro hac vice)
PARKER DANIELS KIBORT LLC
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
malone@parkerdk.com
parker@parkerdk.com

*Co-Counsel for Defendants*

/s/ Chantel C. Wonder
**CHANTEL WONDER, ESQ.**

13
**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street, Suite 3900, Miami, FL 33131