UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BETHANY GAUDREAU and JOSEPH RAM,**

**Plaintiffs,**

**v.** **Case No. 6:21-cv-1899-CEM-DAB**

**MY PILLOW, INC., FRANK SPEECH, LLC, and MICHAEL JAMES LINDELL,**

**Defendants.**

---

## ORDER

This cause came for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DISCOVERY. Doc. No. 78.** |
| **FILED:** | **October 14, 2022** |

**THEREON** it is **ORDERED** that the motion is **GRANTED.**

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND TO ALLOW ADDITIONAL BRIEFING *NUNC PRO TUNC*. Doc. No. 82; Doc. No. 83.** |
| **FILED:** | **October 21, 2022** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part.**

Plaintiffs Bethany Gaudreau and Joseph Ram accuse Defendants of bombarding their cellphones with marketing text messages over the last year. Doc. No. 44 ¶¶ 13, 26. According to Plaintiffs, the message barrage violated both state and federal law. *Id.* ¶¶ 100, 108, 116. Therefore, they sued Defendants My Pillow, Inc.; Frank Speech, LLC; and Michael Lindell. *See generally id.*

On August 26, 2022, Plaintiffs served My Pillow and Frank Speech with their Second Requests for Production. Doc. No. 74–1; Doc. No. 74–2. Neither Defendant responded before the September 26, 2022, deadline, nor sought an extension from the Court. Doc. No. 74 at 2. Instead, Defendants promised to produce the documents the following week. *Id.* Nevertheless, Plaintiffs moved to compel a response on September 29, 2022—three days after the deadline. *Id.* Defendants responded to the motion fourteen days later. Doc. No. 77.

At this case's outset, Judge Kelly entered a Standing Order on Discovery Motions. Doc. No. 5. The Order requires parties opposing a motion to compel to file a response no longer than 500 words within seven days and warns that "a failure to file a timely response will result in the motion being deemed unopposed." *Id.* Defendants failed to comply with the Order. Their Response arrived seven days late at over 2,300 words. Doc. No. 77. Therefore, the Court will strike it.

Defendants ask the Court to excuse their violation of the Standing Order. Doc. No. 82; Doc. No. 83. They point out that the Standing Order was entered by Judge Kelly, and this case has since been reassigned to the undersigned. *Id.* However, the undersigned never vacated Judge Kelly's Order, nor does the Order suggest that it applies only when Judge Kelly is presiding—a fact evident from Plaintiffs' continued compliance with the Order. Nevertheless, the Court recognizes that the Eleventh Circuit has a "strong preference for deciding cases on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014); *Carter v. BPCL Mgmt., LLC*, No. 19-60887-CIV, 2021 WL 1338256, at *2 (S.D. Fla. Mar. 11, 2021). Therefore, it will grant Defendants a three- (3) day extension to file a response that addresses the issues raised by Plaintiffs' Motion to Compel, Doc. No. 74, and Notice of Filing. Doc. No. 75. During the three-day period—and before filing their Response—Defendants' counsel shall meet and confer with Plaintiffs' counsel in a good-faith attempt to resolve these discovery issues.

To the extent Defendants request additional briefing beyond the 500-word limit, their Motion is denied. Plaintiffs' Motion to Compel does not exceed the word limit, and with focused writing, Defendants can adequately respond in fewer than 500 words.

Finally, a word about the behavior of counsel for both parties. "Discovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1. Discovery should operate with minimal judicial

supervision, and if judicial intervention is needed, the parties "have an affirmative duty to work together, and with the court, to achieve the prompt and efficient resolution of disputes." *See* Chief Justice John Roberts, *2015 Year-End Report on the Federal Judiciary* (Available at https://www.supremecourt.gov/publicinfo) (emphasizing the obligation of judges and lawyers to work cooperatively in controlling the expenses and time demands of litigation)

Here, neither side has worked to achieve "the prompt and efficient resolution" of this dispute. Defendants missed the discovery deadline, then repeatedly ignored the Court's Standing Order. On the other hand, Plaintiffs refused to extend the deadline, then snap-filed their Motion to Compel three days after the deadline, despite Defendants' promise to produce the documents the following week. This run-of-the-mill discovery dispute has spawned four motions, three responses, one notice, and a written order—far from "prompt and efficient." Should the parties' contentious and inefficient behavior continue, it will be met with sanctions.

Based on the foregoing, it is ordered as follows:

1. Plaintiffs' Motion to Strike Defendants' Opposition to Motion to Compel Discovery, Doc. No. 78, is **GRANTED**. Defendants' Response, Doc. No. 77, and Amended Response, Doc. No. 79, are **STRICKEN**.

2. Defendants' Motion for Extension of Time to Respond to Plaintiffs' Motion to Compel Discovery and to allow Additional Briefing *Nunc Pro Tunc*. Doc No. 82; Doc. No. 83, is **GRANTED IN PART AND DENIED IN PART**.

a. The Court **GRANTS** Defendants a three- (3) day extension to file a response addressing the issues raised by Plaintiffs' Motion to Compel, Doc. No. 74, and Notice of Filing. Doc. No. 75. During the three-day period—and before filing their Response—Defendants' counsel shall meet and confer with Plaintiffs' counsel in a good-faith attempt to resolve these discovery issues.

b. The Court **DENIES** Defendants' Motion to the extent it seeks additional briefing beyond the 500-word limit.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 24, 2022.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record